IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CANDACE DILLIHUNT,                                                                    PLAINTIFF

v.                               Case No. 4:06-cv-4078

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Candace Dillihunt, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for continuation of supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

## 1. Procedural Background:

Plaintiff was previously determined to be disabled, as a child under the age of eighteen (18), with an onset date of April 1, 1999. (Tr. 42C).[2] The disability was based on having an impairment of mental retardation that met or functionally equaled Listing 112.05E2B2b of the Listing of Impairments in Appendix I to Subpart P of Social Security Regulation No. 4. (Tr. 11). Plaintiff's date of birth is September 19, 1985. (Tr. 34). Upon reaching the age of eighteen (18), Plaintiff's case was reviewed and evaluated again under the adult standards of disability. *See* 20 C.F.R. §

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

416.987. The review hearing occurred July 21, 2004. (Tr. 42A). After conducting the Disability Review Hearing, a disability review officer made an unfavorable decision on August 24, 2004. (Tr. 42E - 42G). The reviewing officer found Plaintiff not disabled as of January 1, 2004. (Tr. 42A).

Pursuant to Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on December 1, 2005. (Tr. 233 - 251). The Plaintiff was present at the hearing. Plaintiff was advised of her right to appear with a representative at the hearing, but chose to proceed without a representative. (Tr. 235 - 236). Also testifying was Elizabeth Clem, a vocational expert (VE). (Tr. 249 - 251). After considering all of the evidence of record, the ALJ rendered a decision on April 24, 2006, finding Plaintiff was not disabled within meaning of the Act as of January 1, 2004 with eligibility for benefit payments terminated on March 1, 2004. (Tr. 11-22). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 31, 2006. (Tr. 3-5).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); and the ALJ erred by finding Plaintiff has the RFC to perform a range of unskilled work on a sustained basis. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; and the substantial evidence supports the ALJ's RFC finding.

**A. *Polaski* Analysis**

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credibility. The Plaintiff asserts the ALJ performed an improper *Polaski* evaluation. The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The ALJ is not required to

methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991). The ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors. *See Cline*, 939 F.2d at 565.

In the present action, the ALJ acknowledged *Polaski,* however, there was no review of the *Polaski* factors. The ALJ only stated that the factors of *Polaski* were considered. (Tr. 17). The ALJ failed to provide any specific reasons for his finding on the Plaintiff's credibility. Because the ALJ did not examine any of the five *Polaski* factors, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however, a proper analysis of *Polaski* must be performed.[3]

### B. Plaintiff's Lack of Financial Resources

In his decision, the ALJ made reference to limited medical treatment received by Plaintiff. (Tr. 13 - 14). Although not raised by counsel, the Court is concerned about the impact of Plaintiff's lack of financial resources her ability to obtain medical treatment. Economic justifications for the lack of treatment or compliance with treatment can be relevant to a disability determination. *See Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984). Plaintiff was only 20 years old at the time of the hearing. For much of her youth, Plaintiff had lived in foster care. (Tr. 128). Her mother was incarcerated in the Arkansas Department of Corrections and her father died when Plaintiff was a young child. (Tr. 145). Plaintiff work for about three weeks as a parts assembler. (Tr. 245). On remand, the ALJ should perform additional analysis of Plaintiff's financial resources to determine any relevance her financial status may have on Plaintiff's lack of medical treatment.

### 4. Conclusion:

The Court has reviewed all of the relevant medical records and briefing in this case. After

---

[3]Because I find the ALJ did not properly apply *Polaski,* the Court will not address the other issue raised by Plaintiff.

6

a careful review of the entire record, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion

**ENTERED** this **31ˢᵗ day of July, 2007.**

/s/  Barry A. Bryant
HON.  BARRY  A. BRYANT
U. S. MAGISTRATE JUDGE